UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Nastassia Davis,** | CASE NO. 1:22 CV 00234 |
| **Plaintiff,** | JUDGE PAMELA A. BARKER |
| v. | |
| | Memorandum of Opinion and Order |
| **Cuyahoga County Department of Children and Family Services,** | |
| **Defendant.** | |

**INTRODUCTION**

*Pro se* Plaintiff Nastassia Davis filed this action against the Cuyahoga County Department of Children and Family Services. In the Complaint, she alleges the Defendant removed her children and placed them with her brother, who sexually abused her when she was a teen. Defendant denied her requests to have the placement revised. She claims the Defendant violated her civil rights and seeks $ 250,000,000.00 in damages for mental and emotional stress.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc No. 2). That Application is granted.

**BACKGROUND**

Plaintiff alleges that when she was fifteen years old, her brother sexually abused her. She contends that she was in the custody of the Defendant at the time and complained to her social

worker. She alleges the social worker did not believe her and did not file a report or investigate the allegation.

Plaintiff later had children of her own. In 2014, she went to prison and the Defendant removed her children. Her aunt received the appointment as their guardian, but her brother became their custodian. She alleges she attempted to reverse this placement and reopen the case. She states she testified in court about the sexual abuse and informed the Defendant about her brother's past behavior but the Defendant refused to reopen the case. She indicates she is bringing this suit for damages for mental and emotional stress that arose from violation of her civil rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all

the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### DISCUSSION

Even liberally construing the pleading, the Court cannot discern the legal cause of action Plaintiff intended to assert. To meet the minimum pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff simply indicates she is asserting "civil rights" violations, but she does not identify a particular constitutional right she believes the Defendant violated. None is apparent from the face of the pleading. As written, the Complaint fails to state a claim upon which relief may be granted.

### CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                     s/*Pamela A. Barker*
                                     PAMELA A. BARKER
Date: April 12, 2022             U. S. DISTRICT JUDGE